UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUAN MUNOZ RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1236-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Juan Munoz Ramirez, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2. The Warden filed a response. ECF 7. Mr. Munoz Ramirez has not filed a reply, and the time for doing so has expired. The petition is ready to be decided.

Mr. Munoz Ramirez is a native and citizen of Mexico who entered the United States at an unknown time. On May 8, 2026, an immigration judge ordered him removed to Mexico. ECF 7-1 at 2-5. On June 23, 2026, an immigration judge held a bond hearing and denied Mr. Munoz Ramirez's request for custody redetermination, concluding he did not meet his burden to show he is not a danger to the community or a flight risk. *Id.* at 6. Mr. Munoz Ramirez appealed this decision to the Board of Immigration Appeals (BIA), and that appeal still is pending.

While Mr. Munoz Ramirez's BIA appeal still was pending, he filed this habeas petition arguing that his custody redetermination hearing violated due process because

the burden was unconstitutionally placed on him to demonstrate he was not a danger to the community or a flight risk. ECF 2-1 at 6-7. He also alleges other procedural deficiencies at his bond hearing and contends that his detention has become unconstitutionally prolonged. He requests either his immediate release or a new custody redetermination hearing where the burden is placed on the government to justify his continued detention by clear and convincing evidence. In his response, the Warden argues this petition should be dismissed because Mr. Munoz Ramirez did not exhaust his available administrative remedies before filing this petition, as his appeal of the immigration judge's decision denying bond still is pending before the BIA. ECF 7 at 4-5.[1]

The Attorney General has delegated his discretion under 8 U.S.C. § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an

[1] The Warden also asserts, without elaboration or supporting evidence, that Mr. Munoz Ramirez's detention has shifted from § 1226(a) to § 1231 because his removal order is now final. The record contains no evidence indicating whether he appealed the May 8, 2026, removal order. The court does not resolve this undeveloped argument because the petition is subject to dismissal without prejudice for failure to exhaust administrative remedies.

immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the BIA. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, it is undisputed Mr. Munoz Ramirez's appeal of the immigration judge's decision denying bond still is pending before the BIA. This court previously has held that a discretionary detainee held under § 1226(a) should exhaust his available remedies before bringing his habeas corpus petition. *See Singh v. English*, No. 3:25-cv-1046-CCB-SJF, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026), *citing Uddin v. Lowe*, No. 3:16-cv-2561, 2017 WL 2960791, at *3 (M.D. Pa. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of bond redetermination to the BIA); *see also Morones-Ramirez v. English*, No. 3:26-cv-396-CCB-SJF (N.D. Ind. May 26, 2026) (dismissing petitioner's burden-of-proof claim for failure to exhaust because he filed his petition without first appealing the immigration judge's decision denying bond to the BIA). Mr. Munoz Ramirez does not respond to the exhaustion argument, and does not argue that any of the four individual interests which warrant excusing exhaustion discussed in *Gonzalez* are present here.

It is true that "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But although Mr. Munoz Ramirez challenges the allocation of the burden of proof rather than the immigration judge's weighing of the evidence, the BIA could still afford him relief without resolving that constitutional question. On appeal, the BIA could review the immigration judge's determination that he failed to demonstrate he posed neither a

danger to the community nor a flight risk and conclude that release is warranted under the existing framework, which would eliminate the need to decide whether due process required the government to bear the burden of proof. *See Aguilar Gonzalez v. Maples*, No. 4:26-CV-22-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (requiring exhaustion where the petitioner challenged, among other things, the allocation of the burden of proof at her bond hearing); *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Accordingly, the court exercises its discretion to require exhaustion under these circumstances and dismisses Mr. Munoz Ramirez's petition for a writ of habeas corpus without prejudice for failure to exhaust administrative remedies.

For these reasons, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus (ECF 2) and **DIRECTS** the clerk to close this case.

SO ORDERED on October 9, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT